**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. STEPHANIE E. LOVING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14- 1386-D |
| | ) | |
| 1. REDDING ROOFING SUPPLY INC. | ) | |
| d/b/a R&S SUPPLY, | ) | |
| | ) | JURY TRIAL DEMANDED |
| and | ) | |
| | ) | |
| 2. R&S SUPPLY, INC. | ) | ATTORNEY LIEN CLAIMED |
| Defendant. | ) | |

<u>COMPLAINT</u>

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

<u>PARTIES</u>

1.  The Plaintiff is Stephanie E. Loving, an adult resident of Oklahoma County, Oklahoma.

2.  The Defendants are:

    A.  Redding Roofing Supply Inc. (hereinafter "Defendant Redding"), a corporation doing business in Oklahoma County, Oklahoma.

    B.  R&S Supply Inc. (hereinafter "Defendant R&S Supply"), a corporation doing business in Oklahoma County, Oklahoma.

<u>JURISDICTION AND VENUE</u>

3.  This is a cause of action for gender discrimination including creation of a hostile working environment, and retaliation for complaining of such discrimination and harassment as prohibited by Title VII of the Civil Rights Act and Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The state law claim arises out of the same core of facts, and jurisdiction over such claim is provided by 28 U.S.C. §

1367.

4. The Defendants are located in Oklahoma City, which is located in Oklahoma County and the Western District of the United States District Courts for Oklahoma.  Venue is appropriate in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendants employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years, and is a covered employer under Title VII. There is no minimum employee requirement to be subject to the OADA.

6. Around August 11, 2013, Plaintiff was hired to work as a temporary employee at Defendants' Oklahoma City office.

7. Plaintiff was required to comply with the rules and procedures of both Defendants. According to the Employee Policy Manual, Plaintiff was employed by both Defendants Redding and R&S Supply. Plaintiff's pay stubs were issued by Defendant Redding, and her direct supervisor, Roberta Chase, worked out of Defendant Redding's corporate office. Plaintiff's W-2 forms were issued by Defendant R&S Supply and she received a termination letter from Defendant R&S Supply.  Both employers controlled the essential terms and conditions of Plaintiff's employment such that they constitute joint employers and/or an integrated enterprise and are both jointly and severally liable for the claims herein.

8. Plaintiff was employed by the Defendants in the position of Clerk.

9. Plaintiff was qualified for her job and performed her job duties as Clerk satisfactorily.

10. Around November 2013, Plaintiff was offered a full time position with Defendant based upon her exemplary performance as a temporary employee.

11. Beginning around the first part of November, 2013, and continuing until Plaintiff's termination, Brett Radtke (Regional Manager) made gender based discriminatory

comments in the presence of the Plaintiff. Examples of such comments include:

A.    On around a weekly basis Mr. Radtke joked with men about how much better the world would be without women in it.

B.    Several times per week Mr. Radtke made other gender-based comments and jokes, including:

    i.    joking about the Biblical story of Adam and Eve and explaining that Adam only wanted Eve because Eve was naked;

    ii.    commenting about how good the days were before women were liberated;

    iii.    commenting that women belonged barefoot and pregnant in the kitchen rather than in the workplace;

    iv.    commenting that workplaces were better before women had rights because offices could have "boom boom rooms" for women to perform sexual favors.

C.    Mr. Radtke  cursed and screamed at the Plaintiff on a daily basis.  Whenever Plaintiff asked Mr. Radtke to stop yelling and/or screaming at her, he would reply with comments such as, "don't make me so damn mad then!"

D.    Mr. Radtke allowed pornographic calendars with pictures of naked women to be displayed in the warehouse in view of Plaintiff and other employees.

E.    Mr. Radtke commented about Plaintiff's body, including telling Plaintiff her "ass could stand to lose a few pounds".

12.    Around November 1, 2013, Plaintiff complained about the pornographic calendar and asked that the calendar be removed.  In response, Mr. Radtke rolled his eyes and said, "you women are just full of drama", and refused to remove the calendar.

13.    Plaintiff made multiple complaints of discrimination and harassment to Mr. Radtke, most recently within the week of her termination.   In her complaints, Plaintiff told

Mr. Radtke she felt harassed, and that his sexual and gender-based comments were inappropriate and needed to stop.

14.    In response to Plaintiff's complaints, Mr. Radtke usually said that if Plaintiff "didn't like it [she] could find another job". Mr. Radtke told Plaintiff he "wasn't going to change".

15.    Around November 1, 2013, Plaintiff began contacting her immediate supervisor, Ms. Roberta Chase, to complain of Mr. Radtke's inappropriate and offensive conduct. Plaintiff informed Ms. Chase that she found such conduct to be upsetting and unwelcome.

16.    Despite Plaintiff's complaints to Mr. Radtke and Ms. Chase, the harassment continued. Defendant took no corrective action and did not remedy the harassment.

17.    Around November 21, 2013, Plaintiff requested that Ms. Chase relay her complaints regarding Mr. Radtke to Defendant's owner, Mr. Alan Shufelberger. Ms. Chase responded by discouraging Plaintiff from taking her complaints any further, and advised Plaintiff that doing so would only result in additional harassment and retaliation.

18.    The conduct of the Defendants was unwelcome and offensive to the Plaintiff, and created a hostile and abusive work environment in which the Plaintiff dreaded going into work.

19.    Around January 27, 2014, Plaintiff was terminated by Mr. Radtke.

20.    The claimed reason for the termination was that Mr. Radtke was "laying off" the Plaintiff. When pressed further as to the reasons for the claimed lay off, Mr. Radtke refused to provide reason, but told the Plaintiff, "I'm doing you a favor".

21.    Plaintiff immediately contacted the corporate office and complained that Mr. Radtke had terminated her because she was a female. Ms. Chase did not deny this nor provide a reason for termination.

22.  The stated reason for the termination – a lay off – is pretexual for a number of reasons, including that there was not a "lay off", and that the true reason was Plaintiff's gender and complaints of discrimination and a hostile working environment.

23.  As the direct result of Defendants' conduct, the Plaintiff has suffered damages in form of wage loss, past, present and future, and dignitary harms including worry, anxiety, and other similar unpleasant emotions.

24.  Gender discrimination, including creating a hostile working environment, and retaliation (including termination) after Plaintiff complained of such discrimination, violates Title VII and the OADA.

25.  Because the Defendants' action was willful, malicious or, at the least, in reckless disregard of Plaintiff's right to collect her wages, Plaintiff is entitled to an award of punitive damages under Title VII.  Plaintiff is entitled to liquidated damages under the OADA.

26.  Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on March 11, 2014. The EEOC issued Plaintiff her right to sue letter on September 18, 2014, and Plaintiff received such letter thereafter.  This complaint is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendants, and award the Plaintiff all of her actual damages, together with punitive damages, pre- and post judgment interest, and attorney costs and fees.

**RESPECTFULLY SUBMITTED THIS 15th DAY OF DECEMBER, 2014**.

s/ Christine Coleman Vizcaino
HAMMONS, GOWENS, HURST & ASSOC.
Mark Hammons, OBA # 3784
Christine Coleman Vizcaino, OBA #30527
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: mark@hammonslaw.com
        christine@hammonslaw.com
ATTORNEY FOR PLAINTIFF
*Jury Trial Demanded, Attorney Lien Claimed*